# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0777** (Ritchie County 11-F-18)

**David Michael Hanlon,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David Michael Hanlon, by counsel George J. Cosenza, appeals the order of the Circuit Court of Ritchie County, entered February 29, 2012, denying his motion to suppress evidence seized from petitioner's residence pursuant to a search warrant. Respondent State of West Virginia appears by counsel Laura Young.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

West Virginia State Trooper C.S. Jackson, while stationed in the Harrisville area of Ritchie County, identified petitioner as a person of interest based on petitioner's purchases of "abnormally large amounts of pseudoephedrine" in areas that were not proximate to his home. Soon after, Michael Rinehart, who was the subject of a separate investigation and subsequent arrest, provided petitioner's name to Trooper Jackson, informing the officer that petitioner bought methamphetamine precursors from him. Trooper Jackson then obtained a search warrant for petitioner's residence, where officers recovered items including antifreeze, a jar and a beaker each containing "a breakdown of ephedrine," digital scales, beakers with rubber stoppers, matches, match books, and a box of ephedrine. Trooper Jackson identified these as items used in the manufacture of methamphetamine.

Petitioner was indicted on one count of operating or attempting to operate a clandestine drug laboratory, one count of conspiracy to operate or attempt to operate a clandestine drug laboratory, one count of possession of substances to be used as a precursor to the manufacture of methamphetamine, and one count of possession of a controlled substance. He represents that he entered a conditional plea of guilty to the single charge of operating or attempting to operate a

1

clandestine drug laboratory.[1] Prior to the entry of his plea, petitioner had filed with the circuit court a motion to suppress the evidence seized from his home, which the court denied. By order entered on or about July 15, 2013, petitioner was sentenced to serve two to ten years in the West Virginia State Penitentiary, but the court permitted petitioner to serve the remainder of his term on home confinement. Petitioner then appealed to this Court, asserting that the search of his residence was improper.

In *State v. Lilly*, 194 W.Va. 595, 600, 461 S.E.2d 101, 106 (1995), this Court explained that the standard of review of a circuit court's ruling on a motion to suppress is a two-tier standard:

> [W]e first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review *de novo* questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law; or, in light of the entire record, this Court is left with a firm and definite conviction that a mistake has been made. *See State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886, 891 (1994). When we review the denial of a motion to suppress, we consider the evidence in the light most favorable to the prosecution. (Footnotes omitted).

In addition, this Court has held that

> [u]nder the Fourth Amendment to the United States Constitution and Article III, Section 6 of the West Virginia Constitution, the validity of an affidavit for a search warrant is to be judged by the totality of the information contained in it. Under this rule, a conclusory affidavit is not acceptable nor is an affidavit based on hearsay acceptable unless there is a substantial basis for crediting the hearsay set out in the affidavit which can include the corroborative efforts of police officers.

Syl. Pt. 4, *State v. Adkins*, 176 W. Va. 613, 346 S.E.2d 762 (1986).

Mindful of these standards, we turn to petitioner's single assignment of error, in which he

---

[1]For purposes of this appeal, and because respondent has not disputed the fact, the Court accepts petitioner's representation that he entered his plea conditionally. However, we note that the circuit court's sentencing order does not characterize the plea as conditional, and the record on appeal is devoid of any evidence supporting petitioner's statement. Problematically, the appendix record does not include, for example, the plea agreement or the transcript of the plea hearing. Because a petitioner "effectively waive[s] or forfeit[s] his right to appeal by failing to enter a conditional guilty plea or otherwise preserve the matter for review by seeking a writ of prohibition or proceeding to trial" (*State v. McGill*, 230 W.Va. 85, 88, 736 S.E.2d 85, 88 (2012)), it was incumbent on petitioner to present evidence of this crucial fact.

asserts that the court erred in denying the motion to suppress. The crux of petitioner's argument is that Trooper Jackson's reliance on information provided by Mr. Rinehart was misplaced because Mr. Rinehart did not have a proven history as an informant. Trooper Jackson's affidavit stated that the informant had reported purchasing methamphetamine precursors for petitioner in exchange for cash, that those precursors were used by petitioner to manufacture methamphetamine, and that petitioner purchases "large amounts of crystals" to manufacture methamphetamine. However, this information was secondary to evidence first independently compiled by Trooper Jackson: that petitioner, a resident of Ritchie County, had purchased pseudoephedrine approximately six times in a three-and-a-half month period in Wood, Harrison, and Pleasants Counties. The trooper noted that petitioner's most common pseudoephedrine purchases were the types most often purchased by methamphetamine producers. He also noted that petitioner was convicted of operating or attempting to operate a clandestine lab in 2006. The independent efforts of Trooper Jackson corroborate the information provided by Mr. Rinehart, and we agree with the circuit court's determination that the magistrate had sufficient probable cause to issue the search warrant in consideration of the totality of the circumstances.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II